## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., ) | |
| ) | |
| Plaintiff, ) | Court No. 17-00256 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT

Honeywell International Inc. ("Plaintiff"), by and through its attorneys, Faegre Drinker Biddle & Reath, LLP, for its complaint against the United States alleges as follows:

### JURISDICTION

1. This is an action contesting U.S. Customs and Border Protection's ("CBP") decision under Section 1515 of the Tariff Act of 1930 (19 U.S.C. § 1515) denying Plaintiff's protest of the tariff classification and rate of duty to be assessed on certain radial and chordal brake segments under the Harmonized Tariff Schedule of the United States ("HTSUS").

2. Plaintiff is the importer of record for the entries that are the subject of this action and has standing to bring this action.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

4. The entries that are the subject of this litigation have liquidated and administrative protests were timely filed and subsequently denied by CBP on June 1, 2017.

5. This civil action was timely commenced through the filing of a summons on October 23, 2017, within 180 days of the denial of the protests.

1

6. Plaintiff has paid all liquidated import duties and fees on the entries at issue prior to commencing this action.

## BACKGROUND AND DESCRIPTION OF MERCHANDISE INVOLVED

7. The imported articles that are the subject of this action are radial and chordal brake segments (collectively "brake segments").

8. The imported brake segments are made from a nonwoven polyacrylonitrile (PAN) fiber fabric material that is cut to a specific shape and size.

9. After importation, the brake segments are manufactured into brake discs.

10. The imported brake segments are designed for use in a specific brake disc that will be incorporated into a specific aircraft braking system.

11. Plaintiff imported the subject brake segments under HTSUS tariff item 5603.94.9070, which provides for "*Nonwovens, whether or not impregnated, coated, covered or laminated: ... Other: ... Weighing more than 150 g/m²: ... Other: ... Other ... Other nonwovens, whether or not impregnated, coated or covered: ... Other: ... Of filaments.*"

12. HTSUS tariff item 5603.94.9070 has carried a duty rate of Free at all times relevant to this action.

13. CBP liquidated the subject brake segments under HTSUS tariff item 6307.90.9889, which provides for "*Other made up articles, including dress patterns: ... Other: ... Other: ... Other: ... Other.*"

14. HTSUS tariff item 6307.90.9889 has carried a duty rate of 7.0% at all times relevant to this action.

15. On May 19, 2017, CBP issued Headquarters Ruling Letter ("HRL") H243798 holding "*the radial and chordal brake segments are to be classified under subheading 6307.90.98.*"

## COUNT I

### Classification of Subject Brake Segments Pursuant to GRI 1

16. The allegations of Paragraphs 1 through 15 are incorporated in this Paragraph by reference as if fully set forth herein.

17. General Rule of Interpretation ("GRI") 1 of the HTSUS states, in relevant part, that "*classification shall be determined according to the terms of the headings and any relevant section or chapter notes.*"

18. HTSUS heading 8803 covers "*Parts of goods of heading 8801 or 8802*" and includes parts of "*Other aircraft (for example, helicopters, airplanes)*" that are classified in HTSUS heading 8802.

19. The Harmonized Commodity Description and Coding System Explanatory Notes ("Explanatory Notes") for heading 8803 state the following with respect to parts classified under this tariff provision:

> *This heading covers parts of goods falling in heading 88.01 or 88.02, provided the parts fulfill both the following conditions: (i) They must be identifiable as being suitable for use solely or principally with the goods of the above-mentioned headings; and (ii) They must not be excluded by the provisions of Notes to Section XVII (see the corresponding General Explanatory Note).*

20. The brake segments are suitable for use solely with aircraft falling in HTSUS heading 8802.

21. The brake segments are not excluded from HTSUS heading 8803 by the provisions of the Notes to Section XVII.

22. The Explanatory Notes for heading 8803 further provide, in relevant part, the following with respect to the specific parts that are classified under this tariff provision:

> *The parts of this heading include: ... (II) Parts of aircraft including gliders and kites, e.g.: ... (5) Undercarriages (including brakes and brake assemblies) and their retracting equipment; wheels (with or without tyres); landing skis.*

23. Aircraft braking systems are parts of aircraft. HRL H243798 at p. 5.

24. Brake discs are parts of aircraft braking systems. *Id.*

25. CBP has acknowledged that the brake segments will be further processed into brake discs after importation and are "*thereby installed on aircraft as a component of the aircraft braking system*" and "*that the subject brake segments might be recognized as parts of aircraft braking systems.*" *Id.*

26. "*In the field of customs jurisprudence it is a well-recognized principle that a part of a part is a part for tariff purposes.*" *American Schack Co., Inc. v. United States*, 1 CIT 1, 5 (1980) (determining that parts of an exhaust system that was an integral part of a furnace were properly considered to be parts of the furnace for tariff purposes); *see also*, *United States v. American Express Co.*, 29 C.C.P.A. 87 (1941) (cited in *American Schack Co.*).

27. The brake segments are parts of aircraft properly classified in HTSUS heading 8803.

28. The brake segments are not described by the terms of HTSUS heading 6307 as the Explanatory Notes for HTSUS heading 6307 state, in relevant part, that "*[t]his heading covers made up articles of any textile material which are not included more specifically in other headings of Section XI or elsewhere in the Nomenclature.*"

29. The brake segments are excluded from classification in HTSUS heading 6307 because they are more specifically provided for in HTSUS heading 8803.

30. Plaintiff asserts that, pursuant to GRI 1, the brake segments are properly classified in HTSUS subheading 8803.20.00, which provides for "*Parts of goods of heading 8801 or 8802: ... Undercarriages and parts thereof ... For use in civil aircraft*."

31. HTSUS subheading 8803.20.00 has carried a duty rate of free at all times relevant to this action.

## COUNT II

### Classification of Subject Brake Segments Pursuant to GRI 3(a)

32. The allegations of Paragraphs 1 through 31 are incorporated in this Paragraph as if fully set forth herein.

33. If the tariff classification of the brake segments is not determined according to GRI 1 of the HTSUS, then the tariff classification of such articles is determined according to GRI 3. GRI 3.

34. GRI 3 provides, in three parts, the tariff classification rules for goods that are *prima facie* classifiable under two or more headings of the HTSUS. *Id.*

35. GRI 3(a) provides, in pertinent part, that "*[t]he heading which provides the most specific description shall be preferred to headings providing a more general description.*"

36. This proposition is known as the "rule of relative specificity" because the heading with requirements more difficult to satisfy will prevail and be applied over a more general heading.

37. Defendant has classified the brake segments under HTSUS heading 6307.

38. "*Heading 6307, HTSUS, is a basket provision, and classification therein is only appropriate if the merchandise is not included elsewhere more specifically in the Nomenclature.*" HRL H243798 at 6.

39. "*[A] basket provision ... cannot prevail over a provision for parts.*" See *American Schack Co.,* 1 CIT at 6 (citing *Beacon Cycle & Supply Co., Inc. v. United States,* 81 Cust. Ct. 46, 458 F. Supp. 813 (1978)); *see also*, *Chevron Chem. Co. v. United States*, 23 CIT 500, 59 F. Supp. 2d 1361, 1368 (1999) ("*Classification of imported merchandise in a basket provision, however, is appropriate only when there is no tariff category that covers the merchandise more specifically*").

40. HTSUS heading 8803 covers the brake segments based on their exclusive use as part of an aircraft.

41. Based on the language of HTSUS headings 6307 and 8803, the brake segments are properly classified under HTSUS heading 8803 as it provides the most specific description of these articles according to the rule of relative specificity, GRI 3(a).

42. Plaintiff asserts that, pursuant to GRI 3(a), the brake segments are properly classified in HTSUS subheading 8803.20.00 which provides for "*Parts of goods of heading 8801 or 8802: ... Undercarriages and parts thereof ... For use in civil aircraft.*"

43. HTSUS subheading 8803.20.00 has carried a duty rate of free at all times relevant to this action.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor, as follows:

(a) determining that CBP improperly classified the brake segments at issue in this action;

(b) determining that the brake segments at issue in this action are properly classified under HTSUS subheading 8803.20.00 as set forth by Plaintiff in Counts I and II;

(c) ordering CBP to reliquidate the subject entries and refund the excess duties paid by Plaintiff, together with interest as provided by law; and

(d) granting any other additional relief as this Court deems just and appropriate.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
Honeywell International Inc.
191 N. Wacker Drive
Suite 3700
Chicago, IL 60606
Telephone (312) 569-1000

Dated: October 29, 2021            By:    /s/ Wm. Randolph Rucker

## CERTIFICATE OF SERVICE

Wm. Randolph Rucker certifies that he is an attorney with the law firm of Drinker Biddle & Reath LLP, with offices located at 191 North Wacker Drive, Suite 3700, Chicago, Illinois 60606, and that on October 29, 2021 on behalf of the Plaintiff herein, he served the attached Complaint upon:

> **Attorney in Charge**
> U.S. Department of Justice
> Commercial Litigation Branch – Civil Division
> 26 Federal Plaza
> Room 346
> New York, NY 10278

the attorney for the Defendants herein, by electronic service in the CM/ECF System of the Court of International Trade.

/s/ Wm. Randolph Rucker