# Exhibit G

**CBP001286-1289**

U.S. Department of Homeland Security
U.S. Customs and Border Protection
One Penn Plaza, 10th Floor
New York, NY 10119



AUG X 9 2013

N244070

CLA-2-88:OT:RR:NC:1:106

MEMORANDUM FOR:   Director, Commercial & Trade Facilitation Division
                 Regulations & Rulings
                 Headquarters, Customs & Border Protection

FROM:             Chief, Metals & Machinery Branch
                  National Commodity Specialist Division

SUBJECT:          Classification of Non-woven Rotor Radial and Chordal Brake Segments

REFERENCE:        Headquarters File Number H243798 TS
                  I.A. #13/024

In your memorandum of May 8, 2013, you have requested comments regarding a request for Internal Advice filed by Mr. James L. Sawyer of Drinker Biddle & Reath LLP ("counsel") on behalf of their client Honeywell International Inc. and its Honeywell Aerospace-South Bend Division ("Honeywell" or "the Company"). Counsel filed the Request for Internal Advice, requesting the Port of Chicago, Illinois to seek advice from the Customs and Border Protection (CBP) Headquarters regarding the proper tariff classification. The goods in question consist of non-woven radial and chordal brake segments. The goods in question were originally entered under 5603.94.9070, Harmonized Tariff Schedule of the United States (HTSUS), which provides for "Non-wovens, whether or not impregnated, coated, covered or laminated: Other, other, other: of filaments." The fabric classified here must be imported in rolls or if cut to shape, can only be in the form of a rectangle or square. After reviewing the shipment, it was found that the merchandise was non-woven but it was die-cut into shapes other than a square or rectangle. In March 2012, CBP at the Port of Chicago issued a Notice of Action concerning the tariff classification of the Company's imported radial and chordal brake segments. CBP proposed classification under heading 6307.90.9889, HTSUS, which provides for "Other made up textile articles including dress patterns." Counsel on behalf of Honeywell respectfully requests that the imported merchandise is appropriately classified under heading 8803.20.0030, HTSUS, which provides for "Parts of goods of heading 8801 or 8802: Undercarriages and parts thereof…For use in civil aircraft: Other."

A QUICS 26986 along with a sample of part number 2703331 was originally sent to the National Commodity Specialist Division (NCSD) for classification. A copy of QUICS 26986 and a sample is enclosed. The National Import Specialist (NIS) rejected the QUICS back to the field for further information regarding the merchandise and for clarification of the term "PAN" since this term is not a recognized textile fiber designation. Since there was no NIS 106 at the time, NIS 101 was substituting for NIS 106. In April of 2013, NIS 351 which handles heading 6307, HTSUS, informed the Import Specialist in Chicago that he will call the attorney for Honeywell recommending that they file an Internal Advice since NIS 351 and NIS 101 could not reach a conclusive answer for the QUICS.

The imported chordal and radial brake segments are manufactured by methods that are proprietary to Honeywell. The segments are an integral and constituent part for the manufacturing of Honeywell airplane technology carbon discs and are used principally within aircraft braking systems. The Company maintains that the specific radius, angle, fiber composition, and layering for each imported segment are specifically engineered to provide the strength, friction, heat absorption, and heat transfer capabilities to meet the braking needs and tolerances for specific disc sizes and respective aircraft brake assemblies. The imported segments are parts that form a foundation for a finished disc and brake assemblies with unique performance capabilities. The segments are not interchangeable between braking systems that require different disc sizes, and each part numbered brake segment is designed and uniquely manufactured for use within its braking systems.

The imported segments are manufactured by needling web and unidirectional tow fabrics that together forms a duplex fabric of a specific areal weight and width specified for the segment. The width and the final cut of the duplex fabric are defined in such a way that the finished segment has a radial orientation of the unidirectional fibers for a radial segment and a chordal orientation of the unidirectional fibers for a chordal segment. The unidirectional tow fabric is produced to a specific areal weight by needling specific numbers of bundles of untwisted continuous filament oxidized polyacrylonitrile (PAN) tow fibers where the tow count is a function of the specified areal weight, mass of the PAN fiber and width of the fabric. At time of importation, the segments are cut to shape and dedicated for use within the braking system.

Counsel maintains that in the instant case, the cut-to-shape brake segments are excluded from classification under heading 5603, HTSUS, and are potentially classified under both heading 6307, HTSUS, which calls for "other made up textile articles" or heading 8803, HTSUS, which calls for "parts of goods of heading 8801 or 8802: Undercarriages and parts thereof…For use in civil aircraft: Other." Counsel further maintains that the imported brake segments are appropriately classified under heading 8803, HTSUS, a parts provision which under GRI 1 and the applicable Section Notes, as well as GRI 3(a) is a more specific heading than heading 6307, HTSUS, which is a basket provision.

To substantiate their claim, counsel cites two Headquarters Rulings, HQ 961386 dated October 19, 1998 and HQ 960504 dated August 13, 1997, which states that heading 8708, HTSUS, "Parts and accessories of motor vehicles" was a more specific description of the merchandise than heading 6307, HTSUS, which was for "other made up articles."

3

At time of importation, the subject brake segments using PAN fiber are cut to shape and ready for final manufacture and production into carbon discs preforms and brake systems at the time of entry. They are dedicated for use within an aircraft braking system. The imported brake segments are designed with specific radius, angle, fiber composition, and layering. Each imported segment which is identifiable by a part number which is specifically designed and engineered to meet the braking needs and tolerances for respective braking systems including strength, friction, heat absorption, and heat transfer capabilities. Each part number is designed and manufactured for intended use within a respective aircraft braking system. The imported segments are generally not interchangeable between end uses and braking systems. Counsel notes that CBP reviewed prior PAN fiber products. They note that in Headquarters ruling H950469, dated September 11, 1992, PAN fiber material was imported on spools and used for fabricating carbon disc brakes for commercial aircraft. In the ruling, CBP recognized that PAN fiber is developed and designed to exacting aircraft industry specifications. The ruling states that "PAN tow is material that is not identifiable in its imported condition as brake linings and cannot be utilized for that purpose without substantial additional processing. It possesses neither the form nor the requisite properties to be suitable for use as aircraft brake linings. Accordingly, PAN tow does not have the essential character of complete or finished brake linings and cannot be classified as if it were complete or unfinished brake linings (in either subheading 8803.20.0010, or in subheading 6813.10.0010)." Counsel states that in another Headquarters ruling H962920 dated October 25, 1999, CBP determined that in its condition as imported, PAN fiber on spools was not identifiable as an aircraft component, and could not be utilized for that purpose without additional processing.

According to counsel, ruling H962920 established CBP's recognition of the unique engineering and specifications of PAN fiber and its use in aircraft brake systems. Counsel points out that this ruling was instructive for establishing a departure point for when a product has been further manufactured to a point where it is identifiable as a component and properly classified as a part. The imported brake segments are cut-to-shape and clearly identifiable and dedicated for a predetermined use at the time of importation as a part of a brake system. The PAN fiber in Headquarters ruling H962920 was imported in bulk on spools.

Another claim that Counsel uses to classify the imported brake segments as "parts" under heading 8803, HTSUS, is provided by the U.S. Court of Appeals for the Federal Circuit's (CAFC) determination in Baxter Healthcare Corp. of Puerto Rico v U.S., 182 F.3d 1333,21 ITRD 1225 (Fed. Cir. 1999). In this case, the CAFC informed Baxter healthcare that Oxyphan®, a polypropylene filament is a textile article and not a "part" or "unfinished part" of a membrane oxygenator. Although Oxyphan® was dedicated for use with an oxygenator, the court agreed with the government that Oxyphan® had not been modified (by being cut to specific length or being attached to something else) at time of importation and did not possess the essential character of a part of an oxygenator. CAFC concluded that Oxyphan® was not a "part" because the individual parts are not identifiable or fixed at the time of import. They were not cut to a predefined length.

<u>Comments provided by NIS 106 regarding heading 8803</u>
It is this office's opinion that the subject matter, Non-woven Rotor Radial and Chordal Brake Segments should be classified in heading 8803, HTSUS as these carbon discs are an integral part of the aircraft braking system and is solely used on the aircraft.

The Explanatory Notes for Heading 8803, HTSUS, state in pertinent part:
    This heading covers parts of the goods falling in heading 88.01 or 88.02, provided the parts fulfill both the following conditions:

(i)    They must be identifiable as being suitable for use solely or principally with the goods of the above-mentioned headings;
(ii)    They must not be excluded by the provisions of the Notes to Section XVII (see corresponding General Explanatory Note)

In view of the above Explanatory Notes regarding parts, this office agrees that the subject matter meets the provisions set forth for parts. The brake segments are cut to a specific shape, they are used solely or principally on an aircraft which falls within the heading of 8802, HTSUS as other aircraft. They are not excluded by any Notes to Section XVII. These brake segments are a constituent part of the airplane body since they are mounted on an airplane's braking system. Since these pads are cut to a specific shape (not coming in on rolls), they do not fall under any other provision in the tariff. Based upon the information provided, it is the opinion of this office that the Non-woven Rotor Radial and Chordal Brake Segments should be classified under subheading 8803.30.0030, HTSUS, which provides for "Parts of goods of heading 8801 or 8802: Other parts of airplanes or helicopters…For use in civil aircraft: Other."

<u>Comments provided by NIS 351 regarding heading 6307</u>
The instant items are made up according to the terms of Note 7 to Section XI. If not more specifically classifiable elsewhere in the tariff they would be classifiable in subheading 6307.90.9889.

If you have any further questions regarding heading 8803, HTSUS, please contact National Import Specialist Nicholas Bartkus at (646) 733-3017. If you have any further questions regarding heading 6307, HTSUS, please contact Mitchel Bayer at (646) 733-3102. Please send a copy of your reply to this office.

_____    Aug. 8, 2013
Mark G. Nackman             Date