### UNITED STATES COURT OF INTERNATIONAL TRADE
### BEFORE: HON. MARK A. BARNETT, *CHIEF JUDGE*

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Court No. 17-00256 |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR REHEARING AND FOR THE COURT TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW AND MAKE ADDITIONAL ONES

Respectfully submitted,

By:     /s/ Wm. Randolph Rucker

Dated: April 4, 2025                     Wm. Randolph Rucker

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
Honeywell International Inc.
320 S. Canal Street
Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1

SUMMARY OF THE ARGUMENT ........................................................................................ 1

LEGAL STANDARD ............................................................................................................... 2

ARGUMENT ............................................................................................................................. 2

      A.    The Court's Order Correctly Classified the Brake Segments According to GRI 1 ......................................................................................................................... 3

      B.    The Court Should Once Again Reject Defendant's Unwarranted Demand for a GRI 2(a) Analysis ................................................................................................ 6

      C.    Defendant Impermissibly Raises a New Argument About the Court's Interpretation of HTSUS Section XVII, Note 3 ....................................................10

CONCLUSION ..........................................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                            **Page(s)**

*Adams v. Boenman*,
    335 F.R.D. 452 (M.D. Fla. 2020) ........................................................................ 7

*Advance Tech. & Materials Co., Ltd. v. United States*,
    938 F. Supp. 2d 1342(Ct. Int'l Trade 2013) ...................................................... 8

*Alcan Food Packaging (Shelbyville) v. United States*,
    929 F. Supp. 2d 1338 (Ct. Int'l Trade 2013), *aff'd* 771 F.3d 1364 (Fed. Cir.
    2014) ........................................................................................................................ 7

*Allstar Mktg. Grp., LLC v. United States*,
    211 F. Supp. 3d 1319 (2017) ..........................................................................5, 7

*Anhydrides & Chems. v. United States*,
    130 F.3d 1481 (Fed. Cir. 1997) ........................................................................... 6

*Bluebonnet Sav. Bank, F.S.B. v. United States*,
    466 F.3d 1349 (Fed. Cir. 2006) .........................................................................11

*Cohens v. Virginia*,
    19 U.S. (6 Wheat.) 264 (1821) ........................................................................... 9

*Graphite Sales v. United States*,
    768 F. Supp. 2d 1326 (Ct. Int'l Trade 2011) ..................................................... 8

*Intercontinental Marble Corp. v. United States*,
    381 F.3d 1169 (Fed. Cir. 2004) ........................................................................... 6

*JVC Co. of America, Div. of US JVC Corp. v. United States*,
    234 F.3d 1348 (Fed. Cir. 2000). (*See* Mot. .) ..................................................5, 6

*Rollerblade, Inc. v. United States*,
    116 F. Supp. 2d 1247 (Ct. Int'l Trade 2000), *aff'd* 282 F.3d 1349 (Fed. Cir.
    2002) ........................................................................................................................ 5

*S.C. Johnson & Son, Inc. v. United States*,
    415 F. Supp. 3d 1373 (Ct. Int'l Trade 2019), *aff'd* 999 F.3d 1382 (Fed. Cir.
    2021) ........................................................................................................................ 8

*Target Stores v. United States*,
    471 F. Supp. 2d 1344 (Ct. Int'l Trade 2007) ..................................................... 2

*Telfair v. Tandy*,
    797 F. Supp. 2d 508 (D.N.J. 2011) ..................................................................... 7

*Tianjin Magnesium Co., Ltd. v. United States*,
    883 F. Supp. 2d 1330 (Ct. Int'l Trade 2012) .......................................................... 2

*United States v. Handy*,
    No. No. 22-096 (CKK), 2023 WL 1777534 (D.D.C. Feb. 6, 2023) ...................................... 9

*USEC, Inc. v. United States*,
    138 F. Supp. 2d 1335 (Ct. Int'l Trade 2001) ......................................................... 2

*Well Luck Co. v. United States*,
    887 F.3d 1106 (Fed. Cir. 2018) ....................................................................... 9

*Wild Heerbrugg Instruments, Inc. v. United States*,
    81 Cust. Ct. 141 (1978) .............................................................................. 11

*Witex, U.S.A., Inc. v. United States*,
    353 F. Supp. 2d 1310 (Ct. Int'l Trade 2004) ......................................................... 5

## Statutes, Rules & Regulations

Ct. Int'l Trade R. 59 ................................................................................ 1, 2, 3

*Harmonized Tariff Schedule of the United States* ("HTSUS"), 19 U.S.C. § 1202 ............... *passim*

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: HON. MARK A. BARNETT, *CHIEF JUDGE***

| | | |
|---|---|---|
| HONEYWELL  INTERNATIONAL,  INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Court No. 17-00256 |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION**
**FOR REHEARING AND FOR THE COURT TO AMEND FINDINGS OF FACT AND**
**CONCLUSIONS OF LAW AND MAKE ADDITIONAL ONES**

**INTRODUCTION**

Honeywell International, Inc. ("Plaintiff") submits this response to the Government's ("Defendant") Motion for Rehearing and For the Court to Amend Its Findings of Fact and Conclusions of Law and Make Additional Ones [ECF No. 69] (hereinafter "Motion for Rehearing" or "Mot."). U.S. Ct. Int'l Trade R. 59. Because the Court's order granting Plaintiff's Motion for Summary Judgment [ECF No. 67] (hereafter "Order") contains no error or irregularity and Defendant's Motion for Rehearing amounts to nothing more than an effort to re-litigate arguments that the Court has already rejected, this Court should deny Defendant's Motion for Rehearing.

**SUMMARY OF THE ARGUMENT**

The Court's Order was carefully reasoned, analytically sound, and correct as a matter of law. Because there are no fundamental or significant flaws in the Court's decision, it should deny Defendant's Motion for Rehearing.

1

## **LEGAL STANDARD**

A motion for rehearing under U.S. Ct. Int'l Trade R. 59(a) should be granted "only in limited circumstances." *Target Stores v. United States*, 471 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2007). Such circumstances are strictly confined to "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." *Id.* "Reconsideration under USCIT R. 59 is within the court's sound discretion." *Tianjin Magnesium Co., Ltd. v. United States*, 883 F. Supp. 2d 1330, 1332 (Ct. Int'l Trade 2012). However, the Court will not grant a motion for rehearing merely to permit the losing party another chance to re-litigate the case. *USEC, Inc. v. United States*, 138 F. Supp. 2d 1335, 1336 (Ct. Int'l Trade 2001). Rather, the moving party must show that the court committed a "fundamental or significant flaw" in the original proceeding. *Id.*

## **ARGUMENT**

The sole basis for Defendant's Motion for Rehearing is an alleged "error or irregularity" in the Court's decision. *Target Stores*, 471 F. Supp. 2d at 1347. Specifically, the Defendant charges this Court with committing three "errors [that] are significant" and that "do[] not comport" with the law. (Mot. at 10.)[1]

Defendant's first assignment of error is that the Court "us[ed] a flawed analysis" to conclude that the Brake Segments are classifiable under heading 8803 of the *Harmonized Tariff Schedule of the United States* ("HTSUS"), 19 U.S.C. § 1202, using General Rule of

---

[1] As used herein, citations to page numbers refer to the ECF page number.

Interpretation ("GRI") 1. However, this decision was not an error as the Court's thorough "parts" analysis was required by GRI 1 because heading 8803 is a parts provision covering all parts of airplanes.

Second, Defendant complains that the Court altogether "skipped any GRI 2(a) analysis." (*Id.* at 9.) However, the premise of Defendant's argument is misplaced. A GRI 2 analysis would only be relevant if the Court could not classify the Brake Segments as finished parts using GRI 1, which it did. Further, Defendant's arguments concerning the application of the rule of relative specificity under GRI 3(a) are similarly misplaced as the application of GRI 3(a) is not conditioned on a GRI 2 analysis.

Third, Defendant discredits the Court's interpretation of the phrase "suitable for use solely or principally with the articles [of Chapters 86-88]" as plain error. (*Id.* at 10.) Not only is this assertion incorrect as a matter of law, but this is a new argument that Defendant could have raised in its motion papers but chose not to. Such arguments are not permitted under U.S. Ct. Int'l Trade R. 59.

### A. The Court's Order Correctly Classified the Brake Segments According to GRI 1

First, the Court did not engage in a "flawed analysis" when it classified the Brake Segments under HTSUS heading 8803. Application of GRI 1 and substantial law supports the Court's reasoning and conclusions.

The Court, through its considered analysis of the HTSUS and prior precedent, concluded that the Brake Segments are classifiable as "parts" in HTSUS heading 8803 pursuant to GRI 1. More than ten pages of the Court's opinion, including fulsome treatment of eleven cases, was devoted to its careful evaluation of whether the Brake Segments meet

the requirements for classification as parts of aircraft within the scope of HTSUS heading 8803. (*See* Order at 18-27 (discussing the applicable considerations for determining whether an article is a "part" for tariff classification purposes, including cases applying the same).) Defendant tries to paint the Court's analysis as detached from the GRIs by suggesting that the application of "a common law part analysis . . . is unique from prior judicial precedent." (Mot. at 9; *see also id.* at 19 ("[I]t is error to elevate a common law parts analysis to the exclusion of GRI 2(a) when the application of this statutory rule would directly affect the outcome of this case").) On the contrary, the Court's "parts" analysis *forms part of its GRI 1 analysis*. Since the Court determined the Brake Segments are a finished part, no GRI 2(a) analysis is required. (Order at 18 n.16, 23-24.)

GRI 1 provides that "for legal purposes, classification shall be determined according to the terms of the headings and any relative section or chapter notes." Since HTSUS heading 8803 applies to "parts of goods" classified in HTSUS headings 8801 or 8802, *i.e.*, "parts of aircraft," the Court evaluated whether the Brake Segments satisfy the requirements of "parts" and concluded that "the segments as imported meet these requirements." (*Id.* at 27.) Specifically, the Court—relying on *Defendant's* own statements of fact—found that "the segments are dedicated to . . . use [in needled preforms and] had no other substantial commercial application. The segments may also be considered integral, constituent, and component parts of the needled preforms because each of those preforms are *made from various combinations of the segments*." (*Id.* at 24-25 (citing Def.'s SOF ¶¶ 6, 8, 11–17).) Accordingly, the Court held that the Brake Segments are "*prima facie* classifiable as parts of aircraft" under HTSUS heading 8803. (*Id.* at 27.)

In Defendant's view, the fact that the Court also acknowledged that "the segments

are *prima facie* classifiable in heading 6307," *id.*, necessarily *required* it to conduct a GRI 2(a) analysis, Mot. at 9. But this is plainly incorrect when one of the competing provisions is a basket provision.[2] "Classification of imported merchandise in a basket provision is only appropriate if there is no tariff category that covers the merchandise more specifically." *Rollerblade, Inc. v. United States*, 116 F. Supp. 2d 1247, 1251 (Ct. Int'l Trade 2000), *aff'd* 282 F.3d 1349 (Fed. Cir. 2002). Here, "[t]he court ha[d] previously recognized that heading 6307 is a basket provision because it covers "Other made up articles, including dress patterns." (Order at 29 (citing *Allstar Mktg. Grp., LLC v. United States*, 211 F. Supp. 3d 1319, 1337 n.26 (2017).) Furthermore, "the court disagree[d] with Defendant's argument that heading 6307 more specifically describes the segments." (*Id.*) Accordingly, the Court was directed by GRI 1 to classify the Brake Segments within HTSUS heading 8803. *See Witex, U.S.A., Inc. v. United States,* 353 F. Supp. 2d 1310, 1315-16 (Ct. Int'l Trade 2004) ("Once the Court chooses the proper heading, the Court is limited to choosing a subheading only from within the proper heading.").

Defendant also claims—without any discussion or analysis—that the Court's "parts" analysis is prohibited under *JVC Co. of America, Div. of US JVC Corp. v. United States*, 234 F.3d 1348, 1354-55 (Fed. Cir. 2000). (*See* Mot. at 19.) But this case is inapposite. In *JVC Co.*, the plaintiff argued that this Court's denial of its motion for summary judgment was error because it failed to apply the "more than" doctrine. The Federal Circuit disagreed, explaining that the "more than" doctrine arises under the TSUS,

---

[2] While the Brake Segments may be *prima facia* classifiable in HTSUS heading 6307, this is a completely separate issue from whether the Brake Segments are properly classified in this tariff provision. HTSUS heading 6307 is a basket provision that is not as specific as HTSUS heading 8803, so the Brake Segments cannot be classified in heading 6307 (*i.e.*, the Brake Segments could only be classified in HTSUS heading 6307 if they were not more properly classified elsewhere).

rather than the HTSUS, and "does not apply to cases arising under the HTSUS because it has been subsumed into the GRIs." *JVC*, 234 F.3d at 1354. Additionally, the court cited its own caselaw that "specifically called into question the applicability of the 'more than doctrine' in HTSUS cases." *Id.* Here, Defendant cites no analogous cases with respect to the application of the prior case law conducting a "parts" analysis. In fact, most of the cases cited in the Court's Order reference precedent developed *after* the adoption of the HTSUS in 1989 and remains good law.[3]

Because the Court conducted a careful GRI 1 analysis that contains no flaws or errors and relies on good law, rehearing is not appropriate.

**B.     The Court Should Once Again Reject Defendant's Unwarranted Demand for a GRI 2(a) Analysis**

Second, the Court did not overlook Defendant's arguments regarding the application of GRI 2(a). On the contrary, it expressly rejected Defendant's arguments. Applying GRI 2(a) to a GRI 1 case would be plain error.

Defendant protests that the Court "did not address whether the segments constituted finished or unfinished 'parts' of an aircraft pursuant to GRI 2(a)." (Mot. at 9.) Not so. The Court directly addressed Defendant's argument that "GRI 2(a) is relevant to discerning finished parts from unfinished parts," by explaining that "[b]ecause the court finds that the segments satisfy the parts test, the court does not address the unfinished parts arguments or whether GRI 2(a) applies to a subpart analysis." (Order at 18 n.16 (citing Def.'s Reply at

---

[3] It is well-established that definitions of terms under the predecessor tariff remain the same when the tariff language has not changed. Thus, prior interpretations of the tariff term "parts" remain valid, even if made under the TSUS. *See, e.g., Intercontinental Marble Corp. v. United States*, 381 F.3d 1169, 1173 (Fed. Cir. 2004) ("[I]n the absence of a clear congressional intent to change the statutory meaning of a tariff term, a court may rely on the meaning of that term under the TSUS") (citing *Anhydrides & Chems. v. United States*, 130 F.3d 1481, 1484 (Fed. Cir. 1997)).

19-20).) In other words, the Court considered—and rejected—Defendant's GRI 2(a) argument. Defendant's contention that the Court "did not address" its GRI 2 arguments is therefore a blatant mischaracterization of the Court's decision and amounts to "mere[] disagree[ment] with the Court's analysis," which courts routinely hold "is not a basis for reconsideration." *Adams v. Boenman*, 335 F.R.D. 452, 455 (M.D. Fla. 2020). Instead, "such disagreement should be raised through the appellate process." *Telfair v. Tandy*, 797 F. Supp. 2d 508, 522 (D.N.J. 2011) (citing cases).

The Court also did not base its decision on "a GRI 3(a) relative specificity analysis," such that a GRI 2(a) analysis would have been a necessary condition precedent, as Defendant suggests. (Mot. at 11.) Rather, the Court's specificity analysis was predicated, in part, on GRI 1 in the same way that this Court has engaged in an "essential character" analysis—a concept rooted in GRI 3(b)—pursuant to GRI 1. *See, e.g., Alcan Food Packaging (Shelbyville) v. United States*, 929 F. Supp. 2d 1338, 1346-50 (Ct. Int'l Trade 2013) (engaging in lengthy essential character analysis while basing its decision on GRI 1), *aff'd* 771 F.3d 1364 (Fed. Cir. 2014). This is evidenced by the fact that in the Court's entire 30-page opinion, it only cited GRI 3(a) *once* in its analysis to make the generalized point that "[w]hen 'goods are, prima facie, classifiable under two or more headings,' GRI 3(a) requires classification in the heading that contains 'the most specific description' of the article rather than in a heading that contains a 'more general description.'" (Order at 29.) Independent from GRI 3(a), the Brake Segments could not be classified in HTSUS heading 6307 because it is a basket provision that only covers goods that are not more specifically provided for elsewhere in the HTSUS. (*See* Order at 29 (citing *Allstar Mktg. Grp., LLC v. United States,* 211 F. Supp. 3d 1319, 1337 n.26 (Ct. Int'l Trade 2017).)

7

Based on the single reference to GRI 3(a), Defendant now seeks rehearing of the entire Order even though Defendant acknowledges that GRI 2 is frequently bypassed in tariff classification analyses. (Mot. at 11-12.) Further, the plain language of GRI 3 indicates that a GRI 2 analysis is not a condition precedent for application of GRI 3(a) as this GRI is used when goods are *prima facie* classifiable under two or more headings whether "by application of rule 2(b) ***or for any other reason***." GRI 3 (emphasis added). In this case, the application of the GRI 3(a) rule of relative specificity was triggered by Defendant's claim that HTSUS heading 6307 applied, so there was a need to choose between headings 6307 and 8803. This determination follows from the GRI 1 analysis properly conducted by the Court and does not require a GRI 2 analysis to proceed with the specificity comparison under GRI 3(a). Even if this Court had arguably "skipped" GRI 2 (it did not), there is ample precedent for this approach. *See, e.g., S.C. Johnson & Son, Inc. v. United States*, 415 F. Supp. 3d 1373, 1382 & 1390-91 (Ct. Int'l Trade 2019) (applying GRI 3(a) without considering GRI 2 after determining that the subject goods are *prima facie* classifiable under two competing headings), *aff'd* 999 F.3d 1382 (Fed. Cir. 2021); *Graphite Sales v. United States*, 768 F. Supp. 2d 1326, 1330-31 (Ct. Int'l Trade 2011) (same).

Further, the reference to GRI 3(a) may be considered dicta in this case as the Brake Segments were properly determined to be "parts" classifiable under HTSUS heading 8803, which would not require GRI 2 or GRI 3 to establish this heading as the proper classification. Since HTSUS heading 6307 does not apply to goods specified elsewhere, the GRI 3(a) reference was arguably unnecessary. (*See* Order at 28-29 (citing EN 63.07).) "[S]uch an observation by the court is properly construed as dicta, not a 'holding' or *ratio decidendi*." *Advance Tech. & Materials Co., Ltd. v. United States*, 938 F. Supp. 2d 1342,

1346-47 (Ct. Int'l Trade 2013) (citing cases and cautioning that when an "opinion only attempt[s] circumspect examination of" a particular topic, it "does not quite restate the case"); *cf. United States v. Handy*, No. No. 22-096 (CKK), 2023 WL 1777534, at *1 (D.D.C. Feb. 6, 2023) (explaining that, as opposed to mere dictum, the court's holding is limited to questions that the court "actually . . . investigated with care, and considered in its full extent" (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399-400 (1821)). Here, a single reference to GRI 3(a) in the Court's Order cannot form the basis of the Court's holding.

As explained above, the primary reason for the Court's decision in this case was based on GRI 1, which required the Court to undertake a "parts" analysis according to the terms of HTSUS heading 8803, as well as a specificity analysis to confirm the Brake Segments were properly classified in HTSUS heading 8803, as compared to the competing basket provision, HTSUS heading 6307. This is hardly an improper analysis or misapplication of the GRIs. Therefore, it is incorrect for Defendant to characterize the Court's analysis as "proceed[ing] directly from a GRI 1 analysis to a GRI 3 analysis, contrary to the GRI's hierarchical scheme." (Mot. at 9.) The Court is clear that GRI 2 does not apply in this case and properly proceeded through its tariff classification analysis without applying it. (*See* Order at 26 (discussing "the Government's mistaken reliance on a GRI 2(a) analysis").[4])

---

[4] Defendant cites *Well Luck* for the proposition that the Court should have applied GRI 2. (Mot. at 17.) In fact, *Well Luck* supports Plaintiff's position because in that case the Federal Circuit explained that GRI 3 applies when GRI 2 does not. *Well Luck Co. v. United States*, 887 F.3d 1106, 1111 (Fed. Cir. 2018). Here, the Court very clearly stated that GRI 2 does not apply.

**C.    Defendant Impermissibly Raises a New Argument About the Court's Interpretation of HTSUS Section XVII, Note 3**

Finally, Defendant avers that the Court erred by allegedly "interpreting HTSUS Section XVII, Note 3's language of 'suitable for use solely or principally *with* the articles of those chapters' to include goods 'suitable for use in the *manufacture* of articles of those chapters.'" (Mot. at 18 (emphasis in original).) However, Defendant never made this argument at the briefing stage or during oral argument despite the fact that Note 3 was discussed at the hearing. Moreover, the Court's opinion very clearly comports with the language of Note 3. Even assuming it didn't, the Court did not rely solely on Note 3 in reaching its conclusion that the Brake Segments are a "part," thus, there is no "significant error" warranting judicial rehearing.

Note 3 to Section XVII, HTSUS, provides that "References in chapters 86 to 88 to 'parts' or 'accessories' do not apply to parts or accessories which are not suitable for use solely or principally with the articles of those chapters." This HTSUS Section Note raises principal use considerations, which the Court addressed in its decision. (*See* Order at 24 n.19.) In other words, if the Brake Segments were not solely or principally used with airplanes, Note 3 might exclude them from classification in HTSUS heading 8803. However, Defendant argues that because the word "manufacture" is not used in Note 3 and the Brake Segments are used in the manufacture of the needled preforms, they must be excluded from HTSUS heading 8803 by Note 3. (Mot. at 17-18.)

Beyond the plain misinterpretation of the purpose of Note 3, Defendant cites no caselaw to support its argument that parts used "with" an article cannot include parts used in the "manufacture" of an article. This is no surprise because the word "with" may be

10

defined broadly to mean "in shared relation to," an interpretation that would encompass a wide array of uses.[5] Even more fatal to this claim, the Defendant did not raise this issue during oral argument or in its briefing papers despite Plaintiff citing Note 3 ten times in its Motion for Summary Judgment. (*See generally* ECF No. 43.) This is automatic grounds for rejecting this argument as a basis for Defendant's Motion. "[A]n argument made for the first time in a motion for reconsideration comes too late." *Bluebonnet Sav. Bank, F.S.B. v. United States*, 466 F.3d 1349, 1361 (Fed. Cir. 2006). *See also Wild Heerbrugg Instruments, Inc. v. United States*, 81 Cust. Ct. 141, 143 (1978) ("[A]rguments raised for the first time on rehearing are not properly before the court for consideration when prior opportunity existed during trial for the moving party to have adequately made its position known.")

Even if Defendant's interpretation were correct, the Court did consider Note 3 in its opinion finding that "whether considered in light of the language of HTSUS Section XVII Note 3 or the judicially recognized tests for parts, the segments are recognizable parts." (Order at 24.) "The imported segments are used in their condition as imported to produce the needled preforms that are, thereafter, used in the manufacturing of aircraft brake discs." (*Id.* at 23.) Regardless of post-importation processing, the Brake Segments are identifiable to the aircraft (the downstream article) and have no other use. (*Id.* at 24.) Therefore, the Court properly concluded the Brake Segments are classified as parts of aircraft.  (Order at 24 (citing Def.'s SOF ¶¶ 6, 8, 11–17; Pl.'s Resp. Def.'s SOF ¶¶ 6, 8, 11–17; Def.'s SOF ¶¶ 11–33; Pl.'s Resp. Def.'s SOF ¶¶ 11–33).)

Rather than accept the Court's analysis of Section XVII, Note 3 as part of the larger

---

[5] *With*, Merriam-Webster, https://www.merriam-webster.com/dictionary/with (last visited Apr. 1, 2025).

airplane "parts" classification discussion, Defendant focuses only on the Court's reference to the Brake Segments' use in the manufacturing of aircraft brake discs as though this might make a difference in the context of the "parts" classification analysis. It does not. Whether a part is used in the manufacture of an article, or used in relation to an article in some other way, does not make it any less a "part" if the relevant "parts" test requirements are satisfied. Therefore, Defendant's arguments concerning the impact of Section XVII, Note 3 cannot render any purported "error" to be sufficiently "significant" as to warrant rehearing.

## <u>CONCLUSION</u>

For these reasons, Defendant has not met its burden. There being no clear error of law, no new facts, and only efforts to relitigate the same issues, the Court should deny Defendant's Motion for Rehearing and uphold its well-reasoned decision in support of Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
Honeywell International Inc.
320 S. Canal Street
Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000

Dated: April 4, 2025               By: /s/ Wm. Randolph Rucker

12

## <u>CERTIFICATE OF SERVICE</u>

Wm. Randolph Rucker certifies that he is an attorney with the law firm of Faegre

Drinker Biddle & Reath LLP, with offices located at 320 S. Canal Street, Suite 3300,

Chicago, IL 60606, and that on April 4, 2025 on behalf of the Plaintiff herein, he served the

attached Response in Opposition to Government's Motion for Rehearing and for the Court

to Amend Findings of Fact and Conclusions of Law and Make Additional Ones on:

> Edward F. Kenny
> U.S. Department of Justice
> Commercial Litigation Branch – Civil
> Division 26 Federal Plaza
> Room 346
> New York, NY 10278

the attorney for the Defendant herein, by electronic service in the CM/ECF System of the

Court of International Trade.

/s/ Wm. Randolph Rucker