UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. MARK A. BARNETT, *CHIEF JUDGE*

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 17-00256 |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO GOVERNMENT'S MOTION FOR REHEARING AND FOR THE COURT TO AMEND FINDINGS OF FACT AND CONCLUSIONS OF LAW AND MAKE ADDITIONAL ONES**

 

Respectfully submitted,

By:    */s/ Wm. Randolph Rucker*
        Wm. Randolph Rucker

Dated: July 14, 2025

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
Honeywell International Inc.
320 S. Canal Street
Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 2

    A.    Defendant's Intermediate Articles Argument Is Not Properly Before the Court .............................................................................................................................. 3

    B.    The "Intermediate Articles" Are Unfinished Brake Discs, Which Are "Parts" of Aircraft Under Heading 8803 ................................................................................ 4

CONCLUSION .................................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Banister v. Davis*,
   590 U.S. 504 (2020)..................................................................................................3

*Cummins Engine Co. v. United States*,
   83 F. Supp. 2d 1366 (Ct. Int'l Trade 1999)............................................................. 4, 5

*Cummins Inc. v. United States*,
   377 F. Supp. 2d 1365 (Ct. Int'l Trade 2005), *aff'd*, 454 F.3d 1361 (Fed. Cir.
   2006)........................................................................................................................ 4, 5

*Honda of Am. Mfg., Inc. v. United States*,
   607 F.3d 771 (Fed. Cir. 2010)....................................................................................7

*Honeywell Int'l, Inc. v. United States*,
   756 F. Supp. 3d 1346 (Ct. Int'l Trade 2025)......................................................... 2, 3, 4

*United States v. Aegis Security Ins. Co.*,
   703 F. Supp. 3d 1404 (Ct. Int'l Trade 2024)..............................................................3

**Statutes, Rules & Regulations**

General Rule of Interpretation 1 ................................................................................... 1, 5

General Rule of Interpretation 2 ........................................................................... 1, 2, 4, 5, 6

USCIT Rule 59..................................................................................................................3

**Explanatory Notes (World Customs Organization)**

Explanatory Note GRI 2(a) ...............................................................................................6

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. MARK A. BARNETT, *CHIEF JUDGE*

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) | Court No. 17-00256 |

## INTRODUCTION

Pursuant to the Court's Order of June 23, 2025 [ECF No. 72], Plaintiff[1] submits this supplemental brief in opposition to Defendant's Motion for Rehearing [ECF No. 69]. Defendant's argument that the Court should have analyzed each intermediate processing step between the importation of the Brake Segments and the production of the finished aircraft brake disc is a redux of Defendant's "material" and post-importation processing arguments that have already been rejected by the Court. The Court should similarly reject Defendant's characterization of preforms as "intermediate articles" or "precursors" as they merely represent steps in the production of the brake disc, not a separate "part" with a distinct commercial identity that is separately classifiable in the HTSUS. This is why Defendant's arguments about the preforms are a distinction without a difference.

For the reasons stated in the Court's opinion [ECF No. 67] and Plaintiff's Response to the Government's Motion for Rehearing [ECF No. 70], this is a GRI 1 case, not a GRI 2

---

[1] In this supplemental brief, Plaintiff adopts all abbreviations and citational references used in its Responses to the Government's Motion for Rehearing. ECF No. 70.

case concerning the classification of an unfinished part. This Court already determined the Brake Segments are finished parts at the time of importation. (*See* ECF No. 72 (citing *Honeywell Int'l, Inc. v. United States*, 756 F. Supp. 3d 1346, 1359-63 (Ct. Int'l Trade 2025).) Even assuming GRI 2 is applicable to the post-importation brake disc manufacturing process, the result is the same.

## ARGUMENT

The Brake Segments are properly classified as airplane parts under HTSUS heading 8803 and Honeywell's position on this matter has not changed. The Court has recognized that Plaintiff argued "the segments are parts of brake discs and are, thus, likewise classifiable as parts of aircraft." *Honeywell*, 756 F. Supp. 3d at 1359. In contrast, Defendant argued "the segments are mere materials out of which the brake discs are made and are not classifiable as parts of brake discs." *Id*. While the parties agreed brake discs are not an "arbitrary cut-off point" to preclude upstream products from classification as aircraft parts "despite their dedicated use in aircrafts," Defendant now argues the brake disc preform production are such a cut-off point. *Id*.[2]

It is well established that a part of a part is a "part" for purposes of the HTSUS. *Id*. at 1357-58. Defendant has *failed* to argue that the so-called "intermediate articles" are distinct articles of commerce different from the aircraft brake discs. Nor could it, since the preforms are just different stages of the brake disc production, rather than distinct entities requiring a separate "parts" analysis. Not only is this argument analytically incorrect, but it

---

[2] "The parties agree that the 'subpart rule' may apply to articles within the aircraft parts supply chain—no matter how far upstream—provided those articles meet the requirements for a part (or a part of a part, as the case may be) and are not otherwise excluded from classification as a part by relevant section and chapter notes." *Honeywell*, 756 F. Supp. 3d. at 1357.

2

is not permitted under USCIT Rule 59. *United States v. Aegis Security Ins. Co.*, 703 F. Supp. 3d 1404, 1410 (Ct. Int'l Trade 2024) (citing *Banister v. Davis*, 590 U.S. 504 (2020)).

    A.    **Defendant's Intermediate Articles Argument Is Not Properly Before the Court**

Plaintiff thoroughly addressed the tests for classifying the Brake Segments as "parts" and this Court agreed the Brake Segments satisfy those tests. *Honeywell,* 756 F. Supp. 3d at 1359-63. This Court also thoroughly analyzed and explained why Defendant's arguments that the Brake Segments constitute mere materials were "misplaced." *Id.* at 1362. Because the standard of review applicable to this Motion precludes the Court from entertaining Defendant's persistent attempts to relitigate an issue it argued and lost, Defendant cannot use its Motion to re-argue that the Brake Segments are not parts of brake discs. *Aegis Security*, 703 F. Supp. 3d at 1410 ("USCIT Rule 59 does not allow the losing party to relitigate its case").

The Court must also disregard Defendant's argument that the Court should analyzed whether any "intermediate articles" are parts (or unfinished parts) of aircraft. (Mot. at 21.) Even though Defendant acknowledged Plaintiff's subpart argument in its Cross-Motion for Summary Judgment, it failed to claim that the Court was obliged to engage in an independent analysis of whether the preforms are themselves a part of an aircraft. (*See* ECF No. 54 at 38.) Nor did Defendant raise this issue at oral argument, much less offer the Court its own analysis of how the preforms should be classified, if not as "part" of an aircraft, since the preforms are merely a stage in the production of the brake discs. Per USCIT Rule 59, this is an improper effort to raise new arguments that have been waived. *Banister*, 590

3

U.S. at 508 ("[C]ourts will not address new arguments . . . that the moving party could have raised before the decision issued.").

For these reasons alone, the Court should deny Defendant's Motion for Rehearing.

### B. The "Intermediate Articles" Are Unfinished Brake Discs, Which Are "Parts" of Aircraft Under Heading 8803

There is no dispute that the Brake Segments are parts used in the manufacture of aircraft brake discs. However, Defendant asks the Court to interject a separate, intermediate tariff classification analysis at every discrete step of brake disc manufacturing to consider whether the article retains its identity as a part. The Court's already did this, so this sub-analysis is presumed to form a basis of its holding that the Brake Segments are parts of the brake disc, and subsequently, part of an airplane. *See Honeywell*, 756 F. Supp. 3d at 1358 (discussing the "substantial post-importation processing in the manufacturing of needled preforms, carbonized preforms, carbon-carbon preforms and, finally, aircraft brake discs"). Even if the Court considers Defendant's "intermediate materials" argument on the merits, it still fails. This is because *the intermediate articles are themselves indistinguishable from the Brake Discs*, which both parties agree is a part of an aircraft. *Id.* at 1357.

First, Defendant does not cite (and Plaintiff has not found) any caselaw applying a GRI 2(a) analysis to intermediate stages of the post-importation processing of imported subparts. However, two cases address the application of GRI 2(a) and the concept of "blanks" to pre-importation processing. *See Cummins Engine Co. v. United States*, 83 F. Supp. 2d 1366 (Ct. Int'l Trade 1999) ("*Cummins I*"); *Cummins Inc. v. United States*, 377 F. Supp. 2d 1365 (Ct. Int'l Trade 2005), *aff'd*, 454 F.3d 1361 (Fed. Cir. 2006) ("*Cummins II*").

4

In these cases, the Court considered whether certain crankshaft forgings imported into Mexico for further processing were "blanks" under GRI 2(a). *See, e.g., Cummins I*, 83 F. Supp. 2d at 1370-71. Defendant argued the articles had the essential character of crankshafts upon entry into Mexico because they had the general shape of crankshafts, were intended for use solely as crankshafts, and nothing was added in Mexico to make them finished crankshafts. *Id.* at 1376. This Court agreed and classified the crankshaft forgings as unfinished crankshafts. *Id.* at 1377*; see also, Cummins II*, 377 F. Supp. 2d at 1373 (stating that "blanks" are classified under the finished product heading unless otherwise directed by GRI 1).

Like the Brake Segments, the brake discs, and all intermediate production steps between prior to completion of the finished brake disc, have only one end use in aircraft brakes. The Brake Segments are used solely to create brake discs. The manufacturing process, including the identification of several preform stages, does not result in the creation of any product from the Brake Segments other than the brake disc. Defendant bears the burden of establishing how the Brake Segments are not part of the brake discs, but offers no argument in support of this assertion and no alternative classification of the identified "intermediate articles."

Despite lacking any substantive argument in its Motion, Defendant asserts the preform stages of the brake disc need to have their own GRI 2(a) analysis. (Mot. at 14.) Although it is unnecessary to apply this analysis to the brake disc manufacturing stages, this exercise confirms the Brake Segments are properly classified as parts in heading 8803. GRI 2(a) provides that "Any reference in a heading to an article shall be taken to include a reference to that article incomplete or unfinished, provided that, as presented, the

5

incomplete or unfinished article has the essential character of the complete or finished article." Thus, if the preforms are unfinished brake discs, they are properly classified as airplane parts in heading 8803. The Explanatory Notes provide further guidance on the application of GRI 2(a), recognizing that:

> The provisions of this Rule also apply to blanks unless these are specified in a particular heading. The term "blank" means an article, not ready for direct use, having the approximate shape or outline of the finished article or part, and which can only be used, other than in exceptional cases, for completion into the finished article or part …

EN GRI 2(a).

After the Brake Segments are assembled into the needled preform, the article has the "full annulus doughnut shape of the disc." (Brown Dep. 100:5-13.) Even though the edges of the preforms may be rough, "they're still specific and close in dimension" to the brake disc. (*Id.* at 104:7-20 (stating the preforms have a "near net shape for what it's supposed to be"—a brake disc).) Thus, the preforms are "blanks" based on the EN definition above and properly considered to be unfinished brake discs. Therefore, the preform stages of the brake discs are also properly classified as parts of airplanes in heading 8803 by application of GRI 2(a).

While Defendant claims the needled preforms do not have the essential character of brake discs, they do not cite any record evidence that supports this claim. (Mot. at 2-3 (referencing the product samples and the Brown Dep. 27, 90, 91, 106).) First, the samples contradict this conclusion as the needled preform is approximately the same size and shape as the finished brake disc (*i.e.*, it is a "blank"). Similarly, Defendant's citations to the Brown Deposition address steps of the manufacturing process, but do not indicate the preforms are anything other than stages of brake disc production.

6

Mr. Brown's testimony is clear that the preforms have the approximate size and shape of the finished brake disc. Further, he states that brake discs cannot be created without Brake Segments, which have no other use "besides creating carbon brake discs." (Brown Dep. 86:3-88:1.) In fact, much of Defendant's questioning appears to indicate their understanding that the end product the Brake Segments are manufactured into is the brake disc. (*See, e.g.*, Brown Dep. 88:13-89:16 (discussing chemical changes to the Brake Segments when they are made into brake discs).) Thus, if the Court were to apply the parts tests to the "intermediate articles" at issue, it would conclude that the preforms are parts of an aircraft based on the same framework it employed for the Brake Segments and brake discs.

There is no evidence in the record that the preforms are anything other than stages of brake disc production. Defendant has not even articulated the argument that the preforms lack the essential character of the brake disc or that the preform is classifiable as anything other than a part of an aircraft. There is no other tariff provision for the preforms (whether at the needled or carbonized stage of production). Since the preforms resemble the finished brake discs (same shape/size) and are used solely in the manufacture of brake discs, they are unfinished brake discs classified in heading 8803 as parts of airplanes. This stands in stark contrast to *Honda of Am. Mfg., Inc. v. United States*, 607 F.3d 771, 776 (Fed. Cir. 2010), where certain oil bolts used in cars and motorcycles were not classifiable as parts because they were more specifically described in another heading. Accordingly, Plaintiff is in no position to provide any further argument on this issue and their Motion must be denied.

7

## CONCLUSION

If the Court decides that a separate analysis of the intermediate articles is necessary before it can conclude that the Brake Segments are airplane parts, then, for all the reasons explained above, it should arrive at the same destination as its order granting Honeywell's Motion for Summary Judgment. Although Defendant disagrees with the Court's conclusion, this is not as basis for rehearing. Therefore, the Court should deny Defendant's Motion for Rehearing and uphold its well-reasoned decision in support of Plaintiff's Motion for Summary Judgment.

    Respectfully submitted,

    **FAEGRE DRINKER BIDDLE & REATH LLP**
    Attorneys for Plaintiff
    Honeywell International Inc.
    320 S. Canal Street
    Suite 3300
    Chicago, IL 60606
    Telephone: (312) 569-1000

Dated: July 14, 2025          By: */s/ Wm. Randolph Rucker*

**CERTIFICATE OF SERVICE**

Wm. Randolph Rucker certifies that he is an attorney with the law firm of Faegre Drinker Biddle & Reath LLP, with offices located at 320 S. Canal Street, Suite 3300, Chicago, IL 60606, and that on July 14, 2025 on behalf of the Plaintiff herein, he served the attached Response in Opposition to Government's Motion for Rehearing and for the Court to Amend Findings of Fact and Conclusions of Law and Make Additional Ones on:

> Edward F. Kenny
> U.S. Department of Justice
> Commercial Litigation Branch – Civil
> Division 26 Federal Plaza
> Room 346
> New York, NY 10278

the attorney for the Defendant herein, by electronic service in the CM/ECF System of the Court of International Trade.

*/s/ Wm. Randolph Rucker*
